IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL DILDAY )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 3:16CV996–HEH
 )
DIRECTV, LLC. *et al.*, )
 )
        Defendants. )

## MEMORANDUM OPINION
(Dismissing Case for Lack of Subject-Matter Jurisdiction)

THIS MATTER is before the Court on its own initiative. Plaintiff Michael Dilday ("Plaintiff") brings this action against DIRECTV, LLC ("DIRECTV") and Equifax Information Services, LLC ("Equifax") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*[1] (*See generally* Compl., ECF No. 1.)

As an affirmative defense, DIRECTV asserted that Plaintiff lacks standing to bring this action because he has not suffered a concrete and particularized injury. (DIRECTV's Answer ¶ 36, ECF No. 10.) Because this calls into question subject-matter jurisdiction, the Court ordered the parties to submit memoranda addressing Plaintiff's standing. (ECF No. 13.)

Pursuant to the Court's Order, Defendants filed a joint opening brief on February 13, 2017, arguing that this Court lacks subject-matter jurisdiction because Plaintiff has suffered no injury and thus has no standing. (ECF No. 14.) At Plaintiff's request, the Court granted him a two-week extension to file his response brief, yet he has failed to do so. (*See* ECF No.

---

[1] Plaintiff and DIRECTV have since stipulated to the dismissal of all claims against DIRECTV, leaving Equifax as the only remaining defendant. (*See* ECF No. 24.)

18.) Despite Plaintiff's lack of response, the Court finds that the facts and legal contentions are adequately presented in the materials before the Court. The Court will also dispense with oral argument, which would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

For the reasons that follow, the Court finds that it lacks subject-matter jurisdiction and therefore must dismiss this action.

## I. BACKGROUND

In his three-count Complaint filed on December 21, 2016, Plaintiff avers that DIRECTV obtained his consumer report from Equifax, despite the fact that he never had an account with DIRECTV. (Compl. ¶¶ 9, 10.) The Complaint, however, conspicuously omits any factual allegation regarding why DIRECTV obtained his credit report or how DIRECTV allegedly used it.

Plaintiff contends that Equifax "did not have a lawful or reasonable basis to believe, let alone know, that DIRECTV had a permissible purpose to obtain and use [his] consumer report" and that it lacked reasonable procedures to "assume the proper use of and lawful purpose for such reports." (*Id.* ¶¶ 12, 19.) Therefore, Plaintiff asserts in a conclusory manner that he is "entitled to recover actual damages" because Equifax "provided and published" his consumer report to DIRECTV. (*Id.* ¶¶ 13, 17, 21.)

However, Plaintiff has failed to plead what those "actual damages" are. And, when presented with the Court's concern over whether it has subject-matter jurisdiction in this case (*see* ECF No. 13), Plaintiff neither took steps to defend the sufficiency of his factual allegations nor attempted to file an amended complaint bolstering his position.

## II. LEGAL FRAMEWORK

A bedrock constitutional principle of our Federal Government is the division of powers between its branches. As such, it is well settled that judicial power is limited to the extent that federal courts may exercise jurisdiction only over "cases" and "controversies." U.S. Const. art. III, §2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Thus, subject-matter jurisdiction requires a justiciable case or controversy within the meaning of Article III of the United States Constitution. *See Allen v. Wright*, 468 U.S. 737, 750–51 (1984) abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). Standing constitutes one component of justiciability. *Lujan*, 504 U.S. at 560. Whether a plaintiff has standing presents a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The Supreme Court has established that the "irreducible constitutional minimum" of standing includes three elements: (1) an injury-in-fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S at 560–61 (citations omitted). Because Plaintiff seeks to invoke this Court's jurisdiction, he bears the burden of establishing all three elements. *Id.* at 561. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

In *Spokeo*, the Supreme Court reiterated the basic tenants of the standing doctrine. 136 S. Ct. 1540, 1547 (2016). It noted that to satisfy the injury-in-fact requirement, a plaintiff must show "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual and imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560).

To satisfy the particularization requirement, the plaintiff "must allege a distinct and palpable injury to himself." *Warth*, 422 U.S. at 501 (citations omitted). The injury must "affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Claims asserting "'generalized grievance[s]' shared in substantially equal measure by all or a large class of citizens . . . normally do[] not warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499 (citations omitted).

Standing's concreteness requirement means that an injury must be real, not abstract. *Id.* However, it is possible for an intangible harm to be concrete.[2] *Spokeo*, 136 S. Ct. at 1549. In determining whether such intangible harms are sufficiently concrete to satisfy Article III's requirements, Congress' "judgment is . . . instructive and important." *Id.*

In creating statutory rights of action Congress has identified "injuries that were previously inadequate in law." *Id.* (quoting *Lujan*, 504 U.S at 578). However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* The Supreme Court has

---

[2] Examples of these intangible injuries include libel, slander, and violations of the constitutional rights to free speech and free exercise. *See Spokeo*, 136 S.Ct. at 1549 (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993); Restatement (First) of Torts §§ 569, 570).

made clear that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

When a plaintiff alleges a statutory violation, he usually must plead an additional injury in order to satisfy the concreteness requirement. Concreteness can certainly be satisfied by alleging a harm—either tangible or intangible—which has already occurred or is continuing to occur. But concreteness can also be satisfied where the plaintiff faces a "risk of real harm" likely to occur in the future. *Id.*

In some circumstances, however, merely pleading "the violation of a procedural right granted by statute" is sufficient to satisfy concreteness. *Id.* This occurs in situations where the legislature has codified causes of action with intangible harms where recovery was long permitted at common law. *Id.* (citing Restatement (First) of Torts §§ 569 (libel), 570 (slander *per se* ) (1938); *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998) (access to public information); *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989) (access to public information). "[A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* (emphasis in original).

However, absent this narrow exception where Congress has codified a common law intangible injury, standing only exists for a statutory violation where the plaintiff has also alleged an additional concrete harm. In *Spokeo*, the Supreme Court highlighted this requirement in the FCRA context. For example, the Court noted that a consumer reporting agency may fail to provide the statutorily required notice to the user of consumer information, even if that information is entirely accurate. *Id.* at 1550. Or, the agency might provide some wholly inaccurate, yet benign, information, such as an incorrect zip code. *Id.* While both of

5

these situations constitute statutory violations, the "victim" has no standing because the conduct does not "cause harm or present any material risk of harm." *Id.*

It is with these principles in mind that the Court conducts its analysis.

### III. DISCUSSION

Plaintiff alleges that Equifax violated 15 U.S.C. § 1681b(a) by providing Plaintiff's consumer report to DIRECTV without a permissible purpose. Plaintiff further alleges that Equifax violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures to prevent unlawful consumer report disclosures. However, the Complaint is devoid of any reference to Plaintiff suffering any harm as a result of these violations or his susceptibility to the risk of real harm in the future. Therefore, as discussed above, Plaintiff can only proceed if the statutory violations he pleaded are sufficient to constitute a concrete injury.

The Court finds that the FCRA violations which Plaintiff alleges do not, by themselves, constitute an injury in fact. Those statutory rights are not the type for which "the law has long permitted recovery." *Spokeo*, 136 S. Ct. at 1549.

Because Plaintiff has failed to comply with the Court's order to brief the issue of standing, the Court must speculate as to how Plaintiff would classify his injury. His strongest argument would likely be that the FCRA has codified a long-standing privacy right. A court in this district has recently found the mere pleading of a FCRA violation sufficient to confer standing for that exact reason. *See Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623 (E.D. Va. 2016).[3]

---

[3] *See also Burke v. Fed. Nat'l Mortg. Ass'n*, No. 3:16CV153-HEH, 2016 WL 4249496 (E.D. Va. Aug. 9, 2016) (adopting *Thomas*'s reasoning), *vacated*, No. 3:16CV153-HEH, 2016 WL 7451624 (E.D. Va. Dec. 6, 2016) (dismissing case after parties stipulated to lack of subject-matter jurisdiction).

In *Thomas*, a class of plaintiffs sued their prospective employers for violating the FCRA by failing to provide required disclosures and to obtain the applicants' consent prior to accessing their consumer reports. 193 F. Supp. 3d at 625 (citing 15 U.S.C. § 1681b(b)). The court found that this provision of the FCRA created two statutory rights. *Id.* at 634. First, the court concluded that the statute provides the right to receive required disclosures. *Id.* Second—and pertinent to this discussion—the *Thomas* court found that the FCRA provides "a right to the privacy of one's personal information." *Id.*

The court concluded that the mere violation of each of these statutory rights constitutes a concrete injury. *Id.* at 637. When analyzing the privacy right, the court found that "the common law has long recognized a right to personal privacy, and 'both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.'" *Id.* at 635 (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 763 (1989)).

However, the Fourth Circuit's subsequent decision in *Beck v. McDonald*, 848 F.3d 262, 266 (4th Cir. 2017), adds instructive clarity to the concrete injury analysis. The teachings of *Beck* are subtle but substantive in assessing the harm necessary to support subject-matter jurisdiction.

Evolution of the common law to include a cause of action for invasion of privacy began in the early Twentieth Century. *See* Restatement (Second) of Torts § 652A (1977). The term "invasion of privacy" typically encompasses four distinct wrongs. *Id.* These include intrusion upon seclusion, appropriation of name or likeness, publicity given to private life, and publicity placing a person into false light. *See id.* §§ 652B–652E. Publicity given to

7

private life is the wrong that would most closely associate with the FCRA's prohibition on the unauthorized publication of a consumer report.

The FCRA, however, cannot be considered a codification of the tort of publicity given to private life because the FCRA does not require publicity. A consumer reporting agency violates the FCRA for simply publishing one copy of a consumer report to a single user without a permissible purpose. *See generally* 15 U.S.C. § 1681b. However, the Restatement of Torts is clear that publicity differs from publication. Restatement (Second) of Torts § 652D cmt. a (1977). While publication is achieved merely by communicating information to a single person, publicity "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* Thus, the cause of action created by the FCRA for a violation of § 1681b is much broader than the traditional common law invasion of privacy.

Moreover, at common law, the tort of publicity given to private life only applies to highly offensive publicity. *Id.* cmt. c. But the FCRA's restrictions on the publication of consumer reports is much broader. Any publication of a consumer report for a reason other than those stated in 15 U.S.C. § 1681b(a)—regardless of whether that publication would be highly offensive—constitutes a statutory violation.[4]

Because the common law does not permit suit for merely sharing private information with a single third party, a violation of the FCRA's prohibition on furnishing a consumer report absent a permissible purpose cannot, standing alone, be understood to constitute a

---

[4] Similarly, the FCRA could not be considered a codification of the common law prohibition on intrusion upon seclusion. That tort requires an intentional interference in an individual's interest in seclusion "that would be highly offensive to a reasonable man." Restatement (Second) of Torts § 652B cmt. a (1977).

concrete injury. *See Spokeo*, 136 S. Ct. at 1549. Instead, it is the type of statutory violation that requires an additional concrete harm—either past or present harm or the risk of real harm in the future—to satisfy the injury-in-fact requirement of Article III. *Id.*

The Fourth Circuit's recent decision in *Beck* supports this conclusion. 848 F.3d 262. In *Beck* the court consolidated two cases that both involved data breaches at the Dorn Veterans Affairs Medical Center in Columbia, South Carolina. *Id.* at 267–68. The plaintiffs alleged that both data breaches constituted violations of the Privacy Act. *Id.* at 266–68. However, they did not "allege that Dorn VAMC's violations of the Privacy Act alone constitute an Article III injury-in-fact." *Id.* at 271 n.4. Rather, the plaintiffs also asserted that they suffered concrete injury from the future risk of harm of identity theft. *Id.* at 266–267.

The Fourth Circuit found that the plaintiffs' speculative allegations were "insufficient to establish a 'substantial risk' of harm" necessary to show a concrete injury. *Id.* at 275. Consequently, the court held that plaintiffs' abstract claim of harm was insufficient to demonstrate standing. *Id.* at 277. Importantly, the Fourth Circuit recognized *Spokeo*'s holding that "some violations of the [FCRA], though 'intangible' harms, may still be sufficiently 'concrete' to establish an Article III injury-in-fact." *Id.* at 271 n.4 (citing *Spokeo*, 136 S. Ct. at 1549–50.). Yet the *Beck* court did not even suggest that the theft of the plaintiffs' personal information resembled a common law invasion of privacy sufficient to create a concrete injury merely by alleging a statutory violation. *See generally id.*

Therefore, under the law of this circuit, Plaintiff's mere allegation of a bare statutory violation in this case is insufficient to confer standing. This does not mean that Plaintiff could never have standing to bring an action to recover for the FCRA violations which he

9

alleges. But he must plead a concrete harm in order to satisfy the injury-in-fact requirement of Article III.

## IV. CONCLUSION

Based on the foregoing, this case will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                           /s/
                                     Henry E. Hudson
                                     United States District Judge

Date: March 29, 2017
Richmond, VA